SECRETARIO DE HACIENDA DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR, SALA DE SAN JUAN, J. M. CALDERÓN, JR., JUEZ, demandado; BANCO POPULAR DE PUERTO RICO y CÉSAR ANDRÉU RIBAS y esposa, interventores.

Número 2488.
*Sometido:* 20 de octubre de 1959. *Resuelto:* 28 de enero de 1960.

*Hon. Secretario de Justicia Hiram R. Cancio, Arturo Estrella,
Secretario de Justicia Auxiliar y Stanley R. Segal, Procura-
dor Auxiliar,* abogados del peticionario; *Gabriel de la Haba,
Rafael Baragaño, Jr., y Garrard Harris.* abogados del inter-
ventor, Banco Popular; *J. Suárez Garriga,* abogado de los
interventores Andréu Ribas y esposa.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión
del Tribunal.

El Secretario de Hacienda, por medio de sus agentes, se
encontraba haciendo una investigación para determinar la
corrección de las planillas de contribución sobre ingresos del
Lcdo. César Andréu Ribas y su señora esposa doña Olga M.
de Andréu. Con tal motivo solicitó del Tribunal Superior,
Sala de San Juan, se ordenara al Banco Popular de Puerto
Rico, que le permitiera examinar determinados documentos y
libros que enumeraba, todos ellos relacionados con transac-
ciones habidas entre los contribuyentes y el mencionado
Banco. (¹)

En 27 de octubre de 1958 el tribunal dictó una orden a
tales efectos o para que en la alternativa el Banco compare-
ciera ante el tribunal el día 7 de noviembre de 1958 a mostrar
causa por la cual dicha orden no debía ser definitiva. (²)
A esta audiencia no compareció el Banco pero sí comparecie-

---

(¹) Además de alegarse en la solicitud que el Secretario de Hacienda
estaba llevando a cabo una investigación de las planillas de ingresos radi-
cadas por los contribuyentes César Andréu Ribas y su esposa doña Olga
Megwinoff de Andréu correspondientes a los años 1951 al 1955 y que para
efectuar esa investigación era necesario examinar las cuentas bancarias de
dichos contribuyentes en el Banco Popular de Puerto Rico, se alegó también
que el Secretario de Hacienda había requerido al Banco para que le permi-
tiera examinar las susodichas cuentas bancarias, pero que el Banco se
había negado a ello basándose en que no había podido conseguir la autori-
zación de los contribuyentes para permitir el examen.

(²) Dicha orden disponía, según se pedía en la súplica de la solicitud,
que el Banco Popular de Puerto Rico permitiera al Secretario de Hacienda,
a través de sus funcionarios, "hacer el examen de las (*a*) cuentas corrien-
tes, (*b*) cuentas de ahorro, (*c*) compras de giros bancarios, (*d*) certificados

ron los contribuyentes para pedir la transferencia de la vista para una fecha posterior, a lo que accedió el tribunal. Tras varias posposiciones se celebró la vista el día 16 de enero de 1959.

Tres días más tarde los contribuyentes radicaron un memorándum en oposición a la solicitud del Secretario de Hacienda y dos días después el tribunal dictó una resolución declarando sin lugar dicha solicitud. El Banco no compareció en este procedimiento. El Secretario solicitó entonces la reconsideración de la resolución del tribunal y después de celebrarse una vista con la comparecencia de los contribuyentes, del Banco y del Secretario de Hacienda, el tribunal declaró sin lugar la moción de reconsideración. El Banco no hizo objeción a la solicitud del Secretario de Hacienda.

Para revisar las resoluciones del Tribunal Superior declarando sin lugar la petición del Secretario de Hacienda y la moción de reconsideración, expedimos el presente auto de certiorari.(³)

El tribunal a quo expresó sus fundamentos para denegar ·la solicitud del Secretario de Hacienda, en la siguiente forma: "En cuanto a la segunda tesis de que la jurisprudencia sos-

de depósitos, (e) préstamos, (f) cualesquiera otros documentos pertinentes para llevar a cabo la investigación de las planillas de dichos contribuyentes César Andréu Ribas y su esposa Olga Megwinoff, correspondientes a los años 1951 al 1955, ambos inclusive, . . . . . . . . ."

(³) El Banco Popular de Puerto Rico ha radicado una moción dirigida a este Tribunal solicitando que en cuanto a él se tenga por sometido el recurso. Informa en dicha moción que asume ante nos la misma posición y actitud que asumió ante el Tribunal Superior. Admite que a virtud de las disposiciones de la sec. 413 de la Ley de Contribuciones sobre Ingresos de 1954 viene obligado a dar cumplimiento a cualquier requerimiento razonable del Secretario de Hacienda de Puerto Rico para que se le permita examinar libros y documentos de un contribuyente en poder del banco, cuando tal examen sea con el fin de determinar la corrección de cualquier planilla o con el fin de preparar una planilla cuando ninguna se hubiere rendido por el contribuyente; pero que entiende sin embargo, que cuando el Secretario de Hacienda formula un requerimiento bajo la indicada sec. 413, tal requerimiento lo recibe el banco en calidad de testigo, a quien se entrega el equivalente de una citación *duces tecum*, y que si surge controversia entre el Secretario de Hacienda y el contribuyente en cuanto a la materialidad o pertinencia de la evidencia que se solicita, o sobre la razo-

tiene el derecho del Hon. Secretario de Hacienda a hacer el examen solicitado, estamos conteste con la parte promovente, lo único que hemos resuelto en nuestra Resolución es que ello está condicionado. El Hon. Secretario de Hacienda viene obligado a demostrar que se ha cometido un error, falsedad o fraude en la planilla objeto de la pesquisa o que el contribuyente se ha negado a dejar examinar sus libros. No encontramos de la solicitud radicada en este caso que se hayan llenado estos requisitos."

En la solicitud del Secretario de Hacienda se alega que el banco se ha negado a permitir el examen de las cuentas bancarias de los contribuyentes a que se refiere la resolución del tribunal a quo. Por lo tanto la insuficiencia de dicha solicitud consiste, según los propios términos de las resoluciones del tribunal a quo, en la falta de demostración de que se ha cometido un error, falsedad o fraude en las planillas objeto de la pesquisa.

■■■ Creemos que el Tribunal Superior se equivocó al denegar la solicitud del Secretario de Hacienda. Los estatutos envueltos en este caso son las secs. 413 y 419 de nuestra Ley de Contribuciones sobre Ingresos, (⁴) 13 L.P.R.A. (Suplemento Acumulativo), secs. 3413 y 3419 respectivamente y la Ley núm. 27 de 20 de marzo de 1951. (32 L.P.R.A., secs. 3171 a 3173.)

La sec. 413 (a) lee textualmente, como sigue:

"Sección 3413. Examen de Libros y de Testigos.

"(a) *Para Determinar Responsabilidad del Contribuyente.*— Con el fin de determinar la corrección de cualquier planilla o con el fin de preparar una planilla cuando ninguna se hubiere ren-

---

nabilidad del requerimiento, o sobre cualquier otro particular, tal controversia debe dirimirse previamente entre las partes interesadas, o sea, el Secretario de Hacienda y el contribuyente para que así el banco pueda, sin incurrir en responsabilidad para con el contribuyente, dar cumplimiento al requerimiento. Termina exponiendo que no tiene interés en los méritos de la controversia entre el Secretario de Hacienda y el contribuyente en este caso y por tal razón, renuncia a cualquier oposición contra la petición radicada, así como a la radicación de alegatos.

(⁴) Ley núm. 91 de 29 de junio de 1954, según ha sido enmendada.

dido, el Secretario podrá, por conducto de cualquier funcionario o empleado del Negociado de Contribución sobre Ingresos, examinar cualesquiera libros, papeles, constancias o memorándum pertinentes a las materias que deben incluirse en la planilla, y podrá requerir la comparecencia de la persona que rinde la planilla o la de cualquier oficial o empleado de dicha persona, o la comparecencia de cualquier otra persona que tenga conocimiento tocante al asunto de que se trate, y tomarles declaración con respecto a las materias que por ley deban incluirse en dicha planilla, con facultad para tomar juramentos a dicha persona o personas."

La sec. 419 estatuye que las citaciones y los requerimientos expedidos por el Secretario de Hacienda o por cualquier funcionario o empleado del Negociado de Contribución sobre Ingresos bajo las disposiciones de la Ley de Contribuciones sobre Ingresos se harán cumplir de acuerdo con las disposiciones de la Ley núm. 27 de 20 de marzo de 1951, 32 L.P.R.A., secs. 3171 a 3173, que en lo pertinente lee así:

"Sección 3171. Solicitud al Tribunal Superior para su Cumplimiento; Desacato al Tribunal.

"Si una citación o un requerimiento expedido por el Secretario de Hacienda de Puerto Rico o sus agentes a virtud de las facultades conferidas por la ley no fuera debidamente cumplido, dicho funcionario podrá comparecer ante el Tribunal Superior de Puerto Rico en solicitud de que dicho tribunal ordene el cumplimiento de tal citación o requerimiento. El Tribunal Superior de Puerto Rico tendrá jurisdicción exclusiva para dictar órdenes exigiendo el cumplimiento de cualquier citación o requerimiento expedido por el Secretario de Hacienda de Puerto Rico o sus agentes de acuerdo con la ley y para exigir la presentación de cualquier evidencia, documental o de otra índole, que el Secretario de Hacienda de Puerto Rico o sus agentes hayan requerido previamente. La desobediencia de tales órdenes será constitutiva de desacato al tribunal."

La sec. 413 claramente faculta al Secretario de Hacienda para practicar una investigación con el fin de determinar la corrección de cualquier planilla o con el fin de preparar una planilla cuando ninguna se hubiere rendido. Esa investiga-

ción consiste en el examen de cualesquiera libros, papeles, constancias o memorándum pertinentes a las materias que deban incluirse en la planilla y el examen bajo juramento del contribuyente, oficial o empleado suyo o de cualquier otra persona que tenga conocimiento del asunto o materias que por ley deban incluirse en dicha planilla.

La facultad de investigación concedida por la sec. 413 al Secretario de Hacienda es de naturaleza inquisitiva. Tal facultad es indispensable para que dicho funcionario pueda cumplir su obligación de cobrar las contribuciones sobre ingresos impuestas por ley. Dicha sección, dado el fin público que persigue, debe ser interpretada liberalmente. El alcance del examen que el Secretario de Hacienda puede llevar a cabo, ya a su propio requerimiento o ya mediante el auxilio de una orden del Tribunal Superior, cuando el contribuyente se negare a permitir el examen, se rige por la pertinencia que tengan los libros, papeles, etc., a ser examinados, con las materias que deban incluirse en la planilla objeto de investigación. Lo anterior es igualmente aplicable a la comparecencia de personas para que declaren bajo juramento ante dicho funcionario. Cuando el contribuyente, como en este caso, se niega a permitir el examen de sus cuentas bancarias, sin que se haya negado la pertinencia de los libros y documentos a ser examinados con las materias que deban incluirse en su planillla, el Secretario de Hacienda puede comparecer ante el Tribunal Superior para que éste ordene el cumplimiento del requerimiento hecho por él, sin que venga obligado a demostrar previamente una responsabilidad contributiva por parte del contribuyente, ni por tanto, según resolvió erróneamente el tribunal sentenciador, que se ha cometido un error, falsedad o fraude en la planilla objeto de la pesquisa. La pesquisa que puede hacer el Secretario de Hacienda sólo está restringida por la pertinencia o relevancia de los libros, documentos, etc., a ser examinados y por aquellas otras restricciones que la propia ley señala en su sec. 415 [13 L.P.R.A.,

sec. 3415],(⁵) ninguna de las cuales se ha demostrado que sean aplicables a los hechos de este caso(⁶) La exigencia de que el Secretario de Hacienda demuestre previamente que se ha cometido un error, falsedad o fraude derrotaría el propósito de la sec. 413 que autoriza la pesquisa (1) para determinar la corrección de cualquier planilla, y (2) para preparar una planilla cuando ninguna se hubiere rendido.(⁷)

La sec. 3614 de la Ley Federal de Rentas Internas(⁸) era similar a la 413 de nuestra Ley de Contribuciones sobre Ingresos. Disponía la Ley Federal:

"Sección 3614(a). Para Determinar la Responsabilidad del Contribuyente.

"Con el fin de determinar la corrección de cualquier planilla o con el fin de preparar una planilla cuando ninguna se hubiere

---

(⁵) La sec. 415 de la Ley (13 L.P.R.A., sec. 3415) dispone:

"Restricciones en cuanto a investigaciones a los contribuyentes.

"Ningún contribuyente será sometido a investigaciones o exámenes innecesarios, y solamente se hará una inspección para cada año contributivo de los libros de centabilidad del contribuyente a menos que el contribuyente solicitare otra cosa o a menos que el Secretario, después de una investigación, notificare por escrito al contribuyente que una inspección adicional es necesaria."

(⁶) La "pertinencia" de los récords que se pretende examinar o inspeccionar no depende de si su contenido contradice las planillas del contribuyente. Como se ha dicho con razón: "... a nuestro entender, el *test* es esencialmente el mismo que se aplica para determinar la pertinencia de las investigaciones que lleva a cabo un gran jurado... Estriba en lo siguiente: si la inspección (que el Secretario desea hacer) podría arrojar luz sobre la corrección de la planilla de un contribuyente". *Foster* v. *United States*, 265 F.2d 183, 186-187 (C.A. 2, 1959). Así por ejemplo, se ha permitido examinar como "pertinentes y específicos" todos los récords de un hospital a fin de hacer una lista de todos los pacientes de un médico a quien se sospechaba de no haber declarado sus verdaderos ingresos en ciertos años contributivos. *In re Albert Lindley Lee Memorial Hospital*, 209 F.2d 122 (C.A. 2, 1953).

(⁷) La sec. 416 de la Ley (13 L.P.R.A., sec. 3416) dispone que si cualquier persona dejare de rendir una planilla en la fecha prescrita por ley, el Secretario hará la planilla por la información que él tenga o por aquella otra información que pueda obtener mediante testimonio o de otro modo. Dicha planilla se considera prima facie correcta y suficiente para todos los fines legales.

(⁸) El lenguaje de la presente Ley Federal es un poco distinto aunque concede la misma autoridad al Comisionado de Rentas Internas. Véase Código de Rentas Internas de 1954, sec. 7602.

674

rendido, se autoriza al Comisionado para que por conducto de cualquier funcionario o empleado del Negociado de Rentas Internas, incluyendo a los que realizan sus labores fuera de oficina (*field service*) designado por él con ese propósito, examine cualesquiera libros, papeles, constancias o memorándum pertinentes a las materias que deben incluirse en la planilla, y podrá requerir la comparecencia de la persona que rinde la planilla o la de cualquier oficial o empleado de dicha persona, o la comparecencia de cualquier otra persona que tenga conocimiento tocante al asunto de que se trate, y tomarles declaración con respecto a las materias que por ley deban incluirse en dicha planilla, con facultad para tomar juramentos a dicha persona o personas." (⁹)

Interpretando la anterior sección las cortes han resuelto que los poderes en ella concedidos se extienden a todas las personas, además del propio contribuyente, que tengan récords o información pertinente a la determinación de la responsabilidad contributiva de la persona bajo investigación, incluyendo a un banco con quien el contribuyente ha realizado negocios bancarios. *United States* v. *First National Bank of Mobile*, 295 F. 142; 160 F.2d 532; *United States* v. *People's Deposit Bank & Trust Co.*, 112 F. Supp. 720; *United States* v. *Third N.W. Nat. Bank*, 102 F. Supp. 879; 196 F.2d 501. Igualmente se ha resuelto que el estatuto debe ser interpretado liberalmente; *Sale* v. *United States*, 228 F.2d 682; *United States* v. *People's Deposit Bank & Trust Co.*, supra; *Falsone* v. *United States*, 205 F.2d 734; que la fa-

(⁹) El texto inglés de dicha sección es como sigue:

"Code Section 3614.—(a) To Determine Liability of the Taxpayer.— The Commissioner, for the purpose of ascertaining the correctness of any return or for the purpose of making a return where none has been made, is authorized, by any officer or employee of the Bureau of Internal Revenue, including the field service, designated by him for that purpose, to examine any books, papers, records, or memoranda bearing upon the matters required to be included in the return, and may require the attendance of the person rendering the return or of any officer or employee of such person, or the attendance of any other person having knowledge in the premises, and may take his testimony with reference to the matter required by law to be included in such return, with power to administer oaths to such person or persons." (*Taxes*, Vol. 28, 1950, págs. 1219, 1220.)

cultad o poder de investigación concedido al Comisionado está revestido de un gran interés público y que en ausencia de demostración de que el requerimiento hecho por el Comisionado bajo la sec. 3614 es opresivo, irrazonable o innecesario, debe sostenerse su poder de investigación. *United States* v. *People's Deposit Bank & Trust Co.*, supra; *Sale* v. *United States*, supra; *United States* v. *Third N. W. Nat. Bank*, supra.

Para otras autoridades sobre la materia, véanse *Inquisitorial Power of the Federal Government Relating Taxes*, *Taxes*, Vol. 28, pág. 1211; *Federal Tax Practice*, Vol. 1, sec. 3.13; Merten's, Vol. 8, sec. 47.48, y casos citados.

 La objeción constitucional de los contribuyentes fundada en la violación de su derecho a la protección contra registros, incautaciones y allanamientos irrazonables garantizado por la Sección 10 del Artículo II de nuestra Constitución y la Enmienda Cuarta de la Constitución Americana, carece de méritos. La relación entre dichos contribuyentes y el Banco Popular de Puerto Rico es una de acreedor y deudor. *Tesorero* v. *Banco Comercial de P. R.*, 46 D.P.R. 308; *Rodríguez* v. *Corte*, 42 D.P.R. 766. Los libros y récords del banco son propiedad de éste. Por lo tanto, los contribuyentes carecen de interés en la propiedad de dichos documentos y no están protegidos por las disposiciones constitucionales que invocan. *Cooley* v. *Bergin*, 27 F.2d 930; *In re Upham's Income Tax*, 18 F. Supp. 737; *McMann* v. *Security and Exchange Commission*, 87 F.2d 377; *Zimmerman* v. *Wilson*, 105 F.2d 583; *United States* v. *People's Deposit Bank & Trust Co.*, confirmado en 112 F. Supp. 720 y 212 F.2d 86, cert. denegado en 348 U. S. 838. Esto dispone de la contención de los contribuyentes. Sin embargo, en el supuesto de que se tratara del examen de libros, récords u otros documentos propiedad de los contribuyentes, la base constitucional de la objeción, sería la irrazonabilidad, impertinencia o ausencia de necesidad de la pesquisa. A nuestro juicio la constitucionalidad de la facultad de investigar con-

cedida al Secretario de Hacienda por la sec. 413, sujeta a las limitaciones anteriormente expresadas, está sostenida por la doctrina expuesta en el caso de *Oklahoma Press. Pub. Co.* v. *Walling*, 327 U.S. 186, 90 L. ed. 614.

En el presente caso, si se toma en cuenta (1) el alcance y propósito de la investigación concreta que se intenta llevar a cabo; (2) la clase de documentos que se desea examinar; (3) la naturaleza de las transacciones envueltas en la investigación; y (4) la especificación de los períodos de tiempo y de los contribuyentes a que la misma se refiere, no podría negarse la razonabilidad, pertinencia y necesidad de la pesquisa. Por otro lado, sería improcedente considerar aquí otros problemas de orden constitucional que puedan surgir o que son concebibles cuando el Secretario de Hacienda ejercita sus poderes de investigación en casos muy distintos al que ahora nos toca resolver. *Cf. Constitutional Aspects of Federal Tax Investigations*, 57 Col. L. Rev. 676–699 (1957); Redlich, *Searches, Seizures and Self-Incrimination in Tax Cases*, 10 Tax L. Rev. 191 (1954); Balter, *Fraud Under Federal Tax Law* (2ª ed. 1953) 168–179; Kostelantz y Bender, *Criminal Aspects of Tax Fraud Cases* (1957) 45–66; Avakian, *Rights and Remedies of Taxpayers Suspected of Fraud*, 33 Taxes 878 (1955) 878 (1955); y Lipton, *Safeguarding Constitutional Rights in Tax Fraud Investigations*, 32 Taxes 263 (1954).

Los dos casos citados en la opinión del tribunal a quo no sostienen la tesis en que descansa la negativa de dicho tribunal a expedir la orden solicitada por el Secretario de Hacienda. En el primero de ellos, *First National Bank of Mobile* v. *United States*, 160 F.2d 532, la petición era exageradamente amplia y requería el examen de récords que no eran relevantes a la investigación que se estaba llevando a cabo, por lo que resultaba irrazonable. Aun así la corte expidió la orden limitando el examen a los documentos relevantes a dicha investigación. En el otro caso, *United States* v. *Third N. W. Nat. Bank*, supra, la solicitud fue denegada a

base de que era irrazonable. En dicho caso se exigía el examen de más de 58,577 documentos bancarios más sus endosos, así como muchos otros documentos y libros. Sin embargo, en dicho caso se reconoce el principio de que el Comisionado no viene obligado a demostrar previamente, antes de obtener la orden del Tribunal, que se ha cometido un error, falsedad o fraude en la planilla objeto de la pesquisa. Tampoco sostiene la resolución del tribunal a quo, el artículo publicado en la revista *Taxes*, (Dic. 1950) a la página 1211 y siguientes. En dicho artículo se hace un análisis y comparación de las secs. 3614 y 3615 del estatuto federal. Nuestra ley no contiene disposiciones análogas a las de la sec. 3615. Esta sección concede autoridad para investigar a los colectores de rentas internas parecida a la del Comisionado. Autoriza a dichos colectores a expedir citaciones (*summons*) y su desobediencia puede ser castigada como desacato por los tribunales, distinto a lo que ocurre cuando el requerimiento lo hace el Comisionado bajo la sec. 3614 quien antes debe obtener una orden del tribunal para que su desobediencia pueda ser motivo de desacato a la corte que libra la orden. Quizás sea esa una de las razones por las cuales la sec. 3615 especifica en detalle los casos en que los colectores pueden librar citaciones (*summons*), entre los cuales está el de que en opinión del colector, la planilla rendida es errónea, falsa o fraudulenta. Aun en este caso la jurisprudencia no ha exigido que el colector demuestre que la planilla es errónea, falsa o fraudulenta. Véanse los casos citados en el indicado artículo. Lo que a veces se ha sostenido es que cuando el Comisionado de Rentas Internas interesa una orden para investigar los libros y documentos de un contribuyente correspondientes a años contributivos prescritos, debe demostrar que existe causa probable o fundamento razonable para sospechar la existencia de fraude. Véanse *Lash* v. *Nigoshian*, resuelto en diciembre 4 de 1959 por la Corte de Apelaciones para el Primer Circuito, y casos en él citados. Como es bien sabido, el Secretario de Hacienda puede solicitar una orden

para investigar años "cerrados" porque se propone reabrirlos a base de una imputación de fraude o porque a su juicio arrojan luz sobre años que todavía están "abiertos". No anticipamos ahora criterio alguno sobre lo que debe probar el Secretario para obtener una orden judicial que le autorice a llevar a cabo tales investigaciones. *Cf. Falsone* v. *United States*, 205 F.2d 734 (C.A. 5, 1953); *Application of the United States (In re Carrol)*, 246 F.2d 762 (C.A. 2, 1957); *O'Connor* v. *O'Connell*, 253 F.2d 365 (C.A. 1, 1958); *National Plate & Window Glass Co.* v. *United States*, 254 F.2d 92 (C.A. 2, 1958); *Lash* v. *Nigoshian*, 273 F.2d 185 (C. A. 1, Dic. 4, 1959); Balter, *Fraud Under Federal Tax Law* (2a ed. 1953) 149–162.

Por las razones expuestas *se anularán las resoluciones dictadas en 21 de enero y 19 de febrero de 1959 por el Tribunal Superior, Sala de San Juan, y se devuelve el caso a dicho tribunal para que libre la orden solicitada por el Secretario de Hacienda.*