Cordero, Juez Ponente
*945 TEXTO COMPLETO DE LA RESOLUCIÓN
Luis Costas Elena y su esposa, Hazell A. Russell, (“los apelantes”) presentaron ante este Tribunal el 26 de mayo de 2004 una “Apelación” en la que nos solicitan la revisión de la Orden dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan (“TPF) el 27 de enero de 2004, notificada el 29 de enero de 2004. Mediante la referida Orden, el TPI ordenó a los apelantes a comparecer a prestar testimonio mediante toma de deposición bajo juramento ante la Secretaría Auxiliar de Evasión Contributiva de Hacienda del Estado Libre Asociado de Puerto Rico. A su vez, los apelantes solicitan la revisión de la Orden emitida por el TPI el 1ro de marzo de 2004, notificada el 5 de marzo de 2004, mediante la cual el TPI declaró con lugar el desacato solicitado por el Secretario de Hacienda (“Hacienda”) y ordenó que se sometiera el respectivo proyecto. 
I
Hacienda presentó el 22 de enero de 2004 una “Solicitud de Orden” ex-parte ante el TPI. Mediante la referida solicitud, Hacienda indicó que el 24 de septiembre de 2003 emitió un requerimiento dirigido a los apelantes para que éstos comparecieran el 16 de octubre de 2003 a las oficinas de Hacienda con relación a la investigación de la responsabilidad contributiva de ciertas corporaciones de las cuales éstos son oficiales directivos y/o accionistas. Hacienda señaló que los apelantes incumplieron con el requerimiento de comparecencia emitido al notificar un día antes a la fecha señalada una fecha posterior para su comparecencia por conducto de su representante legal. Hacienda indicó al TPI que la fecha acordada fue el 24 de noviembre de 2004 a las 9:30 a.m. En vista de la incomparecencia del 16 de octubre de 2003, y en ánimo de prevenir que se repita tal situación, Hacienda compareció y solicitó al TPI una orden para obligar a los citados a comparecer al amparo de lo dispuesto en la Ley Núm. 27 de 20 de marzo de 1951, 32 L.P.R.A. § 3171. No obstante, Hacienda señaló que el día acordado para la toma de las deposiciones, los apelantes comparecieron, pero se negaron a contestar todas las preguntas aduciendo como razón su derecho a la no autoincriminación. Por tal razón, Hacienda solicitó al TPI estudiar el requerimiento cursado a los apelantes y que ordenara a éstos comparecer a contestar ante Hacienda.
El TPI emitió Orden el 27 de enero de 2004, notificada el 29 de enero de 2004, en la que ordenó a los apelantes a comparecer a Hacienda para prestar testimonio mediante toma de deposición bajo juramento y responder las preguntas sometidas y consideradas por el TPI. El tribunal señaló que la comparecencia debía efectuarse dentro de los diez (10) días de notificada la orden y mandamiento. A su vez, el foro recurrido declaró No Ha Lugar la objeción presentada por los apelantes mediante la cual se amparan en su derecho a la no autoincriminación. El tribunal recurrido apercibió a los apelantes que de no cumplir con la Orden podrían ser encontrados incursos en desacato.
Los apelantes presentaron el 9 de febrero de 2004 una “Moción Urgente Solicitando se deje sin Efecto Orden y Mandamiento”; en ésta indicaron que: (1) a Costas no se le diligenció orden o mandamiento; (2) el 30 de enero de 2004, la agente especial fiscal de Hacienda, Luz Yolanda Bonilla López entregó copia de dicha Orden y Mandamiento a Russell; (3) comparecieron el 24 de noviembre de 2003, por lo que no procede la orden emitida por el TPI; (4) Hacienda relevó a éstos de su comparecencia el 16 de octubre de 2003 por mutuo acuerdo; (5) no se realizaron preguntas a los apelantes al éstos ejercer el derecho contra la no autoincriminación; (6) Hacienda solicitó el mandamiento de forma ex-parte; (7) el requerimiento es *946 impertinente, irrazonable y oneroso; (8) Hacienda no está facultada para acudir directamente al TPI; (9) no está facultada para investigar créditos agrícolas, y (10) la solicitud de orden de Hacienda fue realizada por un representante legal quien no es funcionario o empleado de Hacienda. El TPI ordenó el 12 de febrero de 2004, notificada el 18 de febrero de 2004, a Hacienda presentar su posición en cuanto a la moción solicitando que se deje sin efecto la orden y mandamiento.
El 18 de febrero de 2004, Hacienda presentó una “Moción de Desacato” en la que informaron al tribunal que a pesar de que los apelantes comparecieron, se negaron a responder las preguntas formuladas amparándose en su derecho a la no autoincriminación, por lo que Hacienda solicitó que se celebrara una vista de desacato para que los apelantes muestren causa por la cual no debían ser encontrados incursos en desacato. Con relación a ésta, el TPI emitió una notificación el 1ro de marzo de 2004, notificada 5 de marzo de 2004 en la que dispuso: “Como se Solicita. Someta Proyecto de Orden en 15 días”.
Así las cosas, los apelantes presentaron el 11 de marzo de 2004 una “Moción Urgente Solicitando se Deje sin Efecto Orden de Desacató” en la cual señalaron que la moción solicitando desacato nunca les fue notificada.
Posteriormente, el 23 de marzo de 2004, Hacienda cumplió con la orden del TPI. En síntesis, adujo Hacienda que: (1) la mera presencia de los apelantes no da cumplimiento al requerimiento realizado para que éstos presten testimonio pertinente a la investigación; (2) los apelantes ni siquiera escucharon las preguntas, previo a expresar que no responderían a ninguna de ellas por temor a autoincriminarse; (3) contrario a lo expresado por los apelantes con relación a la citación para el 16 de octubre de 2003, Hacienda fue notificado unilateralmente el día antes de que los apelantes no podrían comparecer en tal fecha, ofreciendo como fecha alterna el 24 de noviembre de 2003; (4) el proceso nó es uno contencioso, por lo que su naturaleza es una ex-porte-, (5) de una simple lectura de lo requerido, surge que la información solicitada se refiere a récords de negocio, relacionadas con el manejo, organización y contabilidad de las corporaciones investigadas; (6) Hacienda sólo ha citado a los apelantes a comparecer a la toma de deposiciones; (7) la naturaleza de la investigación es sobre la responsabilidad contributiva de ciertas corporaciones, y (8) la solicitud ante el TPI fue tramitada por el Secretario Auxiliar del Área de Evasión Contributiva quien es empleado de Hacienda.
El TPI emitió una Orden el 23 de abril de 2004, notificada el 4 de mayo de 2004, mediante la cual, entre otras cosas, declaró No Ha Lugar la “Moción Urgente Solicitando se deje sin Efecto Orden y Mandamiento” de 9 de febrero de 2004. Además, el TPI señaló vista para que los apelantes muestren causa por la cual no debían ser encontrados incurso en desacato a ser celebrada el 27 de mayo de 2004.
Los apelantes acuden ante nos el 26 de mayo de 2004 señalando que erró el TPI al: (1) dictar orden y mandamiento el 27 de enero de 2003 en un procedimiento ex-parte, y (2) al dictar la orden de desacato contra los apelantes el 1ro de marzo de 2004.
II
Con relación al primer señalamiento de error en cuanto a la Orden del TPI de 27 de enero de 2004 ordenando a los apelantes a comparecer y contestar el requerimiento ante Hacienda, cabe señalar que el Secretario de Hacienda tiene la obligación de administrar el sistema de rentas internas del gobierno y cobrar las contribuciones impuestas por ley. 3 L.P.R.A. § 283(c) y 283(f). La naturaleza de esta obligación hace imprescindible que el funcionario posea amplios poderes de investigación. A su vez, el Secretario está autorizado a delegar en funcionarios o empleados de su Departamento, designados por él, aquellos deberes, facultades y prerrogativas investidos en él para el adecuado ejercicio y cumplimiento de los mismos. 3 L.P.R.A. § 231a.
Nuestra Asamblea Legislativa, por medio del Artículo 15 de la Ley Núm. 230 del 23 de julio de 1974, conocida como la Ley de Contabilidad del Gobierno de Puerto Rico, 3 L.P.R.A. § 283n, otorgó al Secretario de *947 Hacienda amplias facultades para investigar y requerir información:

“(a) En el ejercicio de sus deberes, el Secretario y los funcionarios y empleados en quien éste delegue quedan autorizados para citar testigos y tomar juramentos y declaraciones, y en cumplimiento de estas disposiciones, podrán extender citaciones bajo apercibimiento y obligar la comparecencia de testigos; y podrán obligar a los testigos a presentar libros, cartas, documentos, papeles, expedientes y todos los demás artículos que se consideren esenciales para un completo conocimiento del asunto objeto de investigación.

(b) Ninguna persona será excusada de comparecer y testificar, o de presentar libros, archivos, correspondencia, documentos u otra evidencia en cumplimiento de una citación expedida por el Secretario, o por el funcionario designado por éste, basándose en que el testimonio o evidencia que de ella se requiera pueda dar lugar a un procesamiento o a exponerla a un castigo o confiscación, pero ninguna será procesada ni estará sujeta a ningún castigo o confiscación por ratón de ninguna transacción, asunto o cosa en relación con las cuales se vea obligada, después de haber reclamado su privilegio de no declarar contra sí misma, o a declarar o presentar evidencia, excepto que dicha persona que así declarare no estará exenta de procesamiento o castigo por perjurio al así declarar.

(d) En caso de rebeldía o negativa a obedecer una citación expedida por el Secretario o por el funcionario designado por éste, cualquier sala del Tribunal de Primera Instancia dentro de cuya jurisdicción se encuentre, resida, tenga negocios o desempeñe sus funciones la persona culpable de la rebeldía o negativa, deberá a solicitud del Secretario, expedir contra dicha persona una orden requiriéndole a comparecer ante el Secretario, o ante el funcionario designado por éste, para presentar evidencia, si así se ordenare, o''para declarar sobre el asunto bajo investigación. Dicha persona incurrirá en desacato si desobedeciese la orden del Tribunal. ” (Énfasis suplido.)
El amplio poder de investigación se incorporó, además, en las secciones 6120 y 6121 (a) del Código de Rentas Internas de 1994, 13 L.P.R.A. § 8120 y 8121, respectivamente.

“See. 8120. El Secretario deberá, de tiempo en tiempo, hacer encuestas con respecto a todas las personas obligadas al pago de cualquier contribución o impuestos, y hacer listas de dichas personas.

See. 8121. (a) Para Determinar Responsabilidad del Contribuyente. Con elfin de determinar la corrección de cualquier planilla o declaración, o con elfin de preparar una planilla cuando ninguna se hubiere rendido, el Secretario podrá, por conducto de cualquier funcionario o empleado del Departamento de Hacienda, examinar cualesquiera libros, papeles, constancias o memorandos pertinentes a las materias que deben incluirse en la planilla o declaración, y podrá requerir la comparecencia de la persona que rinde la planilla o declaración o la de cualquier oficial o empleado de dicha persona, o la comparecencia de cualquier otra persona que tenga conocimiento tocante al asunto de que se trate, y tomarles declaración con respecto a las materias que por ley deban incluirse en dicha planilla o declaración, con facultad para tomar juramentos a dicha persona o personas. ” (Énfasis suplido.)
Como vemos, la Asamblea Legislativa ha investido al Secretario de Hacienda con amplias facultades de investigación, pues descansa sobre sus hombros la esencial e indispensable responsabilidad fiscal del gobierno. Con relación a las citaciones y requerimientos emitidos por el Secretario de Hacienda para comparecer, testificar o producir libros, papeles o constancias, se harán cumplir de acuerdo con las disposiciones de la Ley Núm. 27 de 20 de marzo de 1951 (“Ley Núm. 27'). 13 L.P.R.A. § 8128.
*948 La Ley Núm. 27 establece que:
“Si una citación o un requerimiento expedido por el Secretario de Hacienda de Puerto Rico o sus agentes [en] virtud de las facultades conferidas por la ley no fuera debidamente cumplido, dicho funcionario podrá comparecer ante el Tribunal de Primera Instancia de Puerto Rico en solicitud de que dicho tribunal ordene el cumplimiento de tal citación o requerimiento. El Tribunal de Primera Instancia de Puerto Rico tendrá jurisdicción exclusiva para dictar órdenes exigiendo el cumplimiento de cualquier citación o requerimiento expedido por el Secretario de Hacienda de Puerto Rico o sus agentes de acuerdo con la ley y para exigir la presentación de cualquier evidencia, documental o de otra índole que el Secretario de Hacienda de Puerto Rico o sus agentes hayan requerido previamente. La desobediencia de tales órdenes será constitutiva de desacato criminal. ” (Énfasis suplido) 32 L.P.R.A. § 3171.
Al igual que la Ley de Contabilidad del Gobierno de Puerto Rico, la Ley Núm. 27 dispone en cuanto a la autoincriminación que:
“Ninguna persona natural o jurídica podrá negarse a cumplir una citación o requerimiento del Secretario de Hacienda de Puerto Rico o sus agentes, o una orden judicial expedida de acuerdo con las disposiciones de este capítulo, alegando que el testimonio o la evidencia requerida habría de incriminarles o dar lugar a que se le imponga una penalidad; pero nadie será procesado ni estará sujeto a ninguna penalidad con motivo de o por ninguna transacción, asunto o hecho acerca de los cuales se le obligue a declarar o producir evidencia después de haber reclamado su privilegio de no incriminarse a sí mismo, salvo que quien así declare no estará exento de procesamiento y castigo por perjurio cometido al prestar tal declaración. ” (Énfasis suplido.) 32 L.P.R.A. § 3172.
El articulado anterior opera como una especie de inmunidad salvaguardando el derecho a la no autoincriminación el cual es uno de arraigo constitucional. Véase Sección 11 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico como la Quinta Enmienda a la Constitución de Estados Unidos. Aunque el privilegio a la no autoincriminación protege a toda persona del peligro de responsabilidad criminal al contestar una pregunta, éste no tiene el alcance de permitir que la persona no se siente a declarar en lo absoluto. Véase Hoffman v. United States, 341 U.S. 479, 486 (1951). A su vez, dicho derecho contra la no autoincriminación sólo aplica a personas naturales y no a entidades jurídicas o colectivas. Véase Bellis v. U.S., 417 U.S. 85, 89-90 (1974). Por ello, el agente de una corporación o entidad jurídica colectiva sólo puede invocar el privilegio a no incriminarse si se le requiere hacer declaraciones que lo incriminen personalmente. Véase Braswell v. U.S., 108 S.Ct. 2284 (1988); Fisher v. United States, 425 U.S. 391 (1976).
El poder de investigación del Secretario de Hacienda fue reconocido y delimitado por nuestro Tribunal Supremo hace más de cuarenta años. En Srio. de Hacienda v. Tribl. Superior, 81 D.P.R. 666 (1960), el Tribunal Supremo resolvió que la facultad de investigación del Secretario de Hacienda es inquisitiva e indispensable para poder cumplir con su obligación de cobrar las contribuciones sobre ingresos, por lo que debe interpretarse liberalmente. Ésta sólo está restringida por la pertinencia o relevancia de lo solicitado. Id., a la pág. 672. Es por ello que cuando el contribuyente se niega a lo solicitado por el Secretario de Hacienda, éste puede comparecer ante el Tribunal de Primera Instancia para que ordene el cumplimiento de lo requerido por el Secretario de Hacienda, sin que venga obligado a demostrar previamente una responsabilidad contributiva por parte del contribuyente, ni que se ha cometido error, falsedad o fraude en la planilla objeto de la pesquisa. Id., a la pág. 672.
Por supuesto que, dada la naturaleza investigativa del trámite que sigue Hacienda en casos como el presente, el derecho del ciudadano a ser oído es más limitado que el que se ostenta en el ámbito de un proceso adjudicativo. También es limitado el rol del Tribunal de Primera Instancia en estos casos. Su función es esencialmente de apoyo o auxilio al ejercicio de la jurisdicción de la agencia en la investigación realizada, por *949 ello, su naturaleza ex-parte. Se recurre al foro judicial para lograr el cumplimiento de lo ordenado, en vista de la incapacidad de la agencia para hacer cumplir sus órdenes mediante el instrumento del desacato. En investigaciones como la que nos ocupa, en la que se requiere la producción de documentos o información, al Tribunal de Primera Instancia sólo le corresponde examinar si la agencia posee jurisdicción sobre el asunto investigado, si la información requerida es detallada o específica y si es necesaria o pertinente a la investigación. Véase, a tales efectos: RDT Construction Co. v. Contralor I, 141 D.P.R. 424 (1996); H.M.C.A. v. Colón Carlos, 133 D.P.R. 945 (1993).
Los poderes de investigación y de requerimiento de información investidos en el Secretario, al igual que el poder de investigación de cualquier agencia administrativa, podrían ser utilizados de manera abusiva. Es por ello que nuestra Asamblea Legislativa, en la Sección 6.2 de la Ley de Procedimiento Administrativo Uniforme (“LPAU”), 3 L.P.R.A. § 2192, ha previsto que cuando un requerimiento de información sea irrazonable o exceda la jurisdicción de la agencia, podrá impugnarse en los tribunales mediante un procedimiento contencioso que establece que:
“Toda persona a la que se le solicite información, conforme se autoriza en esta sección, podrá impugnar la solicitud de la agencia por medio del procedimiento adjudicativo según se establezca en la ley especial de que se trate y en las sees. 2151 a 2168 de este título. La impugnación sólo podrá fundamentarse en que el requerimiento de información sea irrazonable o exceda la autoridad de la agencia por no tener relación alguna con la zona de intereses contemplados en la ley o leyes de que se trate. ” 3 L.P.R.A. § 2192.
Además y aunque las facultades investigativas de Hacienda son amplias, no pueden pasar por alto los derechos de los contribuyentes. Por tal razón se creó la Carta de Derechos del Contribuyente en la que se reconocen, establecen y protegen los derechos de los contribuyentes al igual que las responsabilidades de Hacienda. 13 L.P.R.A. § 8011. Mediante la misma se establece que todo contribuyente tendrá derecho en las entrevistas, investigaciones, reclamaciones de reintegro y crédito y otras gestiones que se realicen en Hacienda, entre otras, a:

“(f) Ser asistido por un abogado, contador, contador público autorizado, o cualquier persona autorizada a representar contribuyentes registrados ante el Departamento, o autorizado en ley.

(h) Ser notificado de la naturaleza de su responsabilidad contributiva.

(i) Ser advertido de su derecho a no incriminarse mediante su propio testimonio, a guardar silencio y a que no se tome en cuenta ni se comente en su contra, en la eventualidad de que pudiera estar expuesto a una acción criminal.

(j) Consultar en cualquier momento durante la entrevista a un abogado, contador público, o agente autorizado a representarlo ante el Departamento, o finalizar la entrevista aun cuando ésta haya comenzado.” 13 L.P.R.A. § 8012 (f), (h), (i), (j).
III
De lo antes establecido, surge claramente la facultad del Secretario de Hacienda para investigar y cobrar las contribuciones impuestas por ley y determinar la corrección de cualquier planilla o deducción. Tampoco existe duda de que el Secretario de Hacienda está facultado en ley para citar testigos, tomar juramentos y declaraciones y para completar una investigación concerniente al aspecto contributivo de una persona. Asimismo, no hay incertidumbre en que ninguna persona será excusada de comparecer y testificar en cumplimiento con una citación expedida por el Secretario de Hacienda y que ésta, al reclamar su derecho contra la no autoincriminación, no podrá ser procesada ni estará sujeta a ningún castigo o confiscación por razón de un asunto por el cual se vio obligada a testificar.
*950 De la misma forma, no existe duda de que ante la negativa de obedecer una citación expedida por el Secretario de Hacienda, éste puede acudir de forma ex-parte al Tribunal de Primera Instancia para solicitar una orden en la que se obligue a la persona a comparecer y/o declarar sobre el asunto bajo investigación por el cual fue citado y que la persona está sujeta a desacato por incumplimiento. En estos casos, quedó claro que el rol del Tribunal de Primera Instancia está limitado y su función es esencialmente de apoyo o auxilio de jurisdicción en donde sólo le corresponde examinar la jurisdicción a la agencia y la pertinencia de la información requerida. No obstante, la parte requerida tiene a su disposición un mecanismo de impugnación reconocido estatutariamente y una serie de derechos reconocidos que los protegen.
Los apelantes cuestionan la determinación del TPI de emitir la orden a los apelantes de comparecer ante Hacienda para contestar lo requerido. Este Tribunal concluye que no erró al así proceder el foro recurrido.
IV
En el caso de autos, no debe existir duda alguna de que el Secretario de Hacienda tiene la facultad en ley para investigar la planilla contributiva de las corporaciones agrícolas independientemente de la facultad que pueda tener el Secretario de Agricultura para determinar la inversión agrícola. A base de la facultad en ley para investigar las planillas contributivas, Hacienda emitió unos requerimientos en los que se citó y requirió la comparecencia de los apelantes el 16 de octubre de 2003 a las 9:30 a.m. para prestar testimonio sobre hechos de su conocimiento con relación a la responsabilidad contributiva para los años 1996 hasta 2003, inclusive de ciertas corporaciones.
Los requerimientos fueron dirigidos a los apelantes según aparece de forma clara al principio de éstos. A su vez, se advirtió y, desde el momento que éstos fueron entregados, le fue notificado a los apelantes que de no cumplir con el requerimiento en la forma especifica estarían sujetos al procedimiento que dispone la ley para obligar a cumplir o penalizar el incumplimiento. Es decir, que Hacienda podía acudir ante el TPI para solicitar que se ordenara a los apelantes cumplir con lo requerido.
Los referidos requerimientos fueron notificados a los apelantes por la Agente Especial Fiscal del Negociado de Evasión Contributiva, quien es empleada de Hacienda y a quien se le encomendó dicha tarea conforme permite la ley. 3 L.P.R.A. § 283n, 13 L.P.R.A. § 8121(a). Nótese que tratándose de un proceso investigativo y no de una demanda o pleito contributivo, contrario a lo expuesto por los apelantes, no es necesario cumplir con los requisitos para emplazamiento dispuestos en las Reglas de Procedimiento Civil. El requisito de notificación se satisface en casos como el presente al informar a los apelantes la naturaleza de la investigación y la fecha en que la misma tomará lugar. Así, los apelantes fueron debidamente requeridos a comparecer ante Hacienda. Tan es así, que éstos, el día antes de la fecha indicada por medio de su representación, comunicaron a Hacienda que no podrían asistir a la misma y señalaron como fecha alterna el 24 de noviembre de 2003. En ese momento, los apelantes no objetaron el requerimiento emitido por Hacienda. Los apelantes comparecieron en la fecha indicada a Hacienda quien informó a éstos de los derechos que le asistían. Expresamente les fue informado por escrito a los apelantes que habían sido citados para comparecer y prestar testimonio y/o someter evidencia en relación con el caso bajo investigación sobre las contribuciones de las corporaciones, antes señaladas. Nótese que los apelantes no son sujeto de la investigación, sino que los mismos fueron citados como testigos al ser éstos los oficiales y/o accionistas de las referidas corporaciones. En dicha fecha, los apelantes comparecieron acompañados por su abogado. Una vez comenzado el interrogatorio, los apelantes invocaron el derecho contra la no autoincriminación y señalaron que no responderían pregunta alguna, por lo que la deposición fue concluida por Hacienda. En ningún momento, Hacienda coartó los derechos de los apelantes a ser notificados de la naturaleza de la investigación sobre las corporaciones, a estar asistidos por abogado y mucho menos a ampararse en su derecho a la no autoincriminación.
No obstante, por entender que los apelantes incumplieron con lo requerido al no testificar y, según le fue advertido a los apelantes en el requerimiento notificado, Hacienda ejerció el derecho estatutario de comparecer *951 ex-parte ante el TPI para solicitar a éste su auxñio y que ordenase a los apelantes a contestar lo requerido. 3 L. P.R.A. § 283n(d); 32 L.P.R.A. § 3171. El TPI, en el ejercicio de su jurisdicción exclusiva, ordenó a los apelantes comparecer y contestar el requerimiento.
Si tomamos en cuenta: (1) el alcance y propósito de la investigación concreta que se intenta llevar a cabo; (2) la clase de documentos e información a examinar; (3) la naturaleza de las transacciones envueltas en la investigación, y (4) la especificación de los períodos y los contribuyentes a que la misma se refiere, no puede negarse la razonabilidad y pertinencia de la investigación realizada por el Secretario de Hacienda. Srio de Hacienda v. Tribl Superior, supra, a la pág. 676. Asimismo, no podemos olvidar que la orden está apoyada en la facultad en ley para solicitar y que se expida la misma. Por tanto, el error no fue cometido.
. V
Con relación al segundo señalamiento de error en el cual los apelantes cuestionan una orden de desacato “emitida” por el TPI, este Tribunal nada provee en cuanto al mismo; por entender que aún el TPI no ha emitido la referida orden de desacato.
De los hechos señalados, surge que el TPI, mediante la orden emitida el 23 de abril de 2004, señaló una vista para que los apelantes muestren causa por la cual no deben ser encontrados incursos en desacato. Siendo ello así, este Tribunal concluye que ésta no es la etapa más propicia para la consideración del error señalado. Regla 40 (E) del Reglamento del Tribunal Apelativo. Claro está, sin perjuicio de que si en la eventualidad la parte peticionaria no queda conforme con la determinación final del TPI en cuanto al desacato, queda vivo su derecho a instar un recurso de apelación, debido a que la denegatoria en cuanto a expedir el auto de certiorari en nada prejuzga en los méritos del asunto o la cuestión planteada, pudiendo ello ser reproducido nuevamente mediante el correspondiente recurso de apelación. Núñez Borges v. Pauneto Rivera, 130 D.P.R. 749, 755-756 (1992), Pueblo v. Carrión Rivera, 111 D.P.R. 825, 828 (1981).
VI
Por los fundamentos antes esbozados, se expide el auto de certiorari. Con relación a si erró el TPI al emitir la Orden de 27 de enero de 2004, este Tribunal resuelve que no erró el TPI al así hacerlo y, por tanto, confirma al foro recurrido. En cuanto al segundo señalamiento de error, este Tribunal devuelve el caso al foro recurrido para la continuación con la vista de desacato a tenor con lo aquí dispuesto.
El Juez Rodríguez Muñiz disiente por entender que los apelantes están ejerciendo su derecho a guardar silencio según reconocido en la Carta de Derechos del Contribuyente, 13 L.P.R.A. §8012(i).
Lo acuerda y manda este Tribunal y lo certifica la Secretaria General Interina.
Mildred Ivonne Rodríguez Rivera
Secretaria General Interina
ESCOLIOS 2005 DTA 33
1. El recurso ante nos debió ser presentado como un certiorari por no recurrirse de una sentencia final emitida por el TPI.
2. Los requerimientos fueron entregados personalmente a Costas el 25 de septiembre de 2003.
3. Las corporaciones agrícolas investigadas son Demeter International, Inc.; Diógenes International Consulting Corp.; P.R. Agro-Térra International Corp.; Embryo Service, Inc. y Limones y Agro-P.R. Inc.
4. Debe recordarse que el derecho contra la autoincriminación no aplica a las corporaciones agrícolas por ser éstas entidades jurídicas. Véase Hoffman v. United States, supra.
*952 5. Ello, debido a que los apelantes, a pesar de que asistieron a Hacienda el 24 de noviembre de 2003, no cumplieron con el requerimiento al no testificar sobre información de las corporaciones sujetas a la investigación contributiva según requerido. Contrario a lo alegado por los apelantes, este no es un proceso de naturaleza contenciosa al contrario del proceso mediante el cual los apelantes pueden impugnar el requerimiento emitido por Hacienda. 3 L.P.R.A. § 2192.